J-S61025-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| STEVEN IVEY A/K/A MUTI A. AJAMU-OSAGBORO | : | |
| | : | No. 1608 EDA 2018 |
| Appellant | : | |

Appeal from the PCRA Order April 27, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0626011-1981

BEFORE: BOWES, J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.:                    **FILED MARCH 30, 2020**

Appellant, Steven Ivey a/k/a Muti A. Ajamu-Osagboro, appeals from the
order entered on April 27, 2018 which granted, in part, and dismissed, in part,
his fourth petition filed pursuant to the Post Conviction Relief Act ("PCRA"),
42 Pa.C.S.A. §§ 9541-9546. We affirm.

The PCRA court accurately summarized the facts and procedural history
of this case as follows.

> [Appellant] was arrested and subsequently charged in connection
> with the fatal shooting of a shopkeeper during a robbery in 1981.
> On November 4, 1981, following a non-jury trial . . . [Appellant]
> was convicted of second-degree murder, robbery, and criminal
> conspiracy. On March 2, 1982, [the trial court sentenced
> Appellant] to an aggregate term of life imprisonment. [This Court

---

[*] Former Justice specially assigned to the Superior Court.

affirmed Appellant's judgment of sentence] on April 19, 1984. [Appellant] did not seek *allocatur* before [our] Supreme Court.

On January 8, 1997, [Appellant] filed his first *pro se* PCRA petition. [Counsel] was appointed and subsequently filed an amended petition on October 29, 1997. The PCRA court denied the petition for lack of merit on March 31, 1998. [Appellant] did not appeal. [Thereafter, Appellant filed PCRA petitions in 2000 and 2003, both of which were unsuccessful.]

PCRA Court Opinion, 8/13/18, at 1-2 (footnotes omitted).

On July 20, 2010, Appellant filed the instant *pro se* PCRA petition, his fourth. In it, Appellant claimed that, because he was under the age of 18 at the time of the offense, he was entitled to relief pursuant to **Graham v. Florida**, 560 U.S. 48 (2010).[1] Appellant's *Pro Se* PCRA Petition, 7/20/10, at 4-8. Additionally, Appellant asserted a claim of ineffective assistance because, per Appellant, both direct appeal and previous PCRA counsel abandoned him. **Id**. at 8-10.

Thereafter, Appellant submitted several *pro se* supplemental petitions.[2] **See** Appellant's First Supplemental PCRA Petition, 8/22/12, at 1-20;

---

[1] In **Graham**, the United States Supreme Court held that the Eighth Amendment prohibits the imposition of a life without parole sentence on a non-homicide juvenile offender. **Graham**, 560 U.S. at 82. Herein, Appellant was convicted of second-degree murder. In his petition, however, Appellant argued that, because he was not the "actual killer," he was entitled to relief under **Graham**. Appellant's *Pro Se* PCRA Petition, 7/20/10, at 4-8.

[2] The certified record does not show that Appellant sought leave of court to amend his July 20, 2010 petition pursuant to Pa.R.Crim.P. 905(A). In general, if an appellant fails to seek leave of court, any claim raised in an unauthorized supplemental petition is waived. **See Commonwealth v. Reid**, 99 A.3d 427, 437 (Pa. 2014). The PCRA court, however, issued an order granting

Appellant's Second Supplemental PCRA Petition, 3/24/16, at 1-2; Appellant's

Third Supplemental PCRA Petition, 8/10/16, at 1-4. In his March 24, 2016

supplemental petition, Appellant alleged that the United States Supreme

Court's decision in **Montgomery v. Louisiana,** 136 S.Ct. 718 (2016), which

made the Court's holding in **Miller v. Alabama,** 567 U.S. 460 (2012),

retroactive, entitled him to relief because he was under 18 at the time of the

1981 killing. Appellant's Second Supplemental PCRA Petition, 3/24/16, at

1-2. Likewise, in Appellant's August 10, 2016 supplemental petition, Appellant

contended that the United States Supreme Court's decision in **Williams v.**

**Pennsylvania**, 136 S.Ct 1899 (2016) warranted relief. Appellant's Third

Supplemental PCRA Petition, 8/10/16, at 1-4. Specifically, he asserted that

the prosecutor, Assistant District Attorney (ADA) Richard Michaelson, engaged

in criminal conduct during his trial that created an "[u]nconstitutional risk of

bias." **Id.** at 2.

On October 25, 2016, the Commonwealth responded to Appellant's

filings and "conditionally endorsed [Appellant's] claim for relief [based upon]

---

Appellant's "request to amend his [p]etition for . . . [p]ost-conviction relief"
on January 15, 2014. PCRA Court Order, 1/15/14, at 1. In addition, the PCRA
court implicitly permitted Appellant to amend his July 20, 2010 petition by
considering the issues contained within Appellant's August 22, 2012, March
24, 2016, and August 10, 2016 supplemental petitions. **See Commonwealth
v. Brown**, 141 A.3d 491, 504-505 (Pa. Super. 2016) ("[W]hen a petitioner
files supplemental materials to a PCRA petition, and the PCRA court considers
such materials, an attempt by the Commonwealth to preclude consideration
of such material fails."). Because the PCRA court both explicitly and implicitly
permitted Appellant to supplement his July 20, 2010 PCRA petition, we
conclude that the issues raised in Appellant's various supplemental petitions
are not waived for purposes of this appeal.

*Miller/Montgomery*." PCRA Court Opinion, 8/13/18, at 2. Subsequently, on March 23, 2017, the PCRA court issued notice that it intended to dismiss Appellant's PCRA petition in 20 days without holding a hearing, as the petition was untimely. PCRA Court Order, 3/23/17, at 1; *see also* Pa.R.Crim.P. 907(1). In essence, the PCRA court held that Appellant's non-*Miller/Montgomery* claims did not meet any exception to the PCRA time-bar. *Id.*

On April 10, 2017, Appellant filed a response to the PCRA court's Rule 907 notice. In his response, as well as other subsequent filings, Appellant, for the first time, referenced a federal indictment and a newspaper article which alleged that the former Philadelphia District Attorney, R. Seth Williams, engaged in criminal activity. Appellant's Rule 907 Response, 4/10/17, at 3. Per Appellant, the aforementioned information constituted a newly-discovered fact that gives rise to an exception to the PCRA time-bar. Appellant, however, did not seek leave of court to amend his PCRA petition to include this additional issue.

On April 27, 2018, the PCRA court granted, in part, and dismissed, in part as untimely, Appellant's petition. The PCRA court "agree[d] that [Appellant was] entitled to relief pursuant to *Miller/Montgomery* insofar as he was under the age of [18] at the time of [his underlying] offense." PCRA Court Opinion, 8/13/18, at 2. As such, in its order, the PCRA court stated that, "[o]nce judicial review of [Appellant's] [] non-*Miller* claims conclude[s], [it] will address [Appellant's] remaining *Miller* sentencing claim." PCRA Court

Order 4/27/18, at 1, n. 1. Appellant appealed the PCRA court's order on May 25, 2018.[3]

On appeal, Appellant presents the following issues for our review:

I. [Did the PCRA court err in dismissing Appellant's petition when the recent discovery of Philadelphia District Attorney Seth Williams's criminal activity constituted a newly-discovered fact which meets the timeliness exception to the PCRA under Section 9545(b)(1)(ii)?]

II. [Did the PCRA court err in dismissing Appellant's petition when the United States Supreme Court's decision in *Williams* established a new constitutional right that satisfies the timeliness exception to the PCRA under Section 9545(b)(1)(iii)?]

*See generally* Appellant's Brief at 2.

This Court's standard of review regarding an order disposing of a petition under the PCRA is whether the determination of the PCRA court is supported by evidence of record and is free of legal error. *Commonwealth v. Halley*, 870 A.2d 795, 799 n. 2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001). We apply a *de novo* standard of review and a plenary scope of review to challenges involving questions of law. *Commonwealth v. Rykard*, 55 A.3d 117, 1183-1184 (Pa. Super. 2012), *appeal denied*, 64 A.3d 631 (Pa. 2013).

The timeliness of a PCRA petition is a jurisdictional prerequisite. *See Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa. 2003). A petition

---

[3] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b).

seeking relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(l)(i), (ii), and (iii),[4] is met. **See Commonwealth v. Gamboa–Taylor**, 753 A.2d 780, 783 (Pa. 2000). A PCRA petition invoking one of the statutory exceptions must "be filed within 60 days of the date the claims could have been presented."[5] **Id.**; 42 Pa.C.S.A. § 9545(b)(2).

_____

[4] Pursuant to 42 Pa.C.S.A. §9545(b), there are three statutory exceptions to the timeliness provision that allow for very limited circumstances under which the late filing of a PCRA petition will be excused. To invoke an exception, a petitioner must allege and prove one of the following:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

[5] Effective December 24, 2018, the legislature amended Section 9545(b)(2) to read: "Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented." **See** 42 Pa.C.S.A. §9545(b)(2) (effective December 24, 2018). However, the amendment to Section 9545(b)(2) only applies to "claims arising on

Appellant's judgment of sentence became final in 1984. Appellant filed the instant petition on July 20, 2010; hence, the petition is manifestly untimely unless Appellant pleads and proves an exception to the PCRA time-bar.

First, Appellant argues that the PCRA court erred in dismissing his petition because the "revelations about former Philadelphia District Attorney Seth Williams" satisfy the requirements for the newly-discovered fact exception set forth in 42 Pa.C.S.A. §§ 9545(b)(1)(ii) (explaining that the "fact" upon which the appeal is based must be previously "unknown" to the petitioner and unascertainable "by the exercise of reasonable diligence."). Appellant's Brief at 8. Appellant, however, raised this issue initially in his response to the PCRA court's notice of intent to dismiss the PCRA petition under Pa.R.Crim.P. 907. He did not seek leave to amend the current PCRA petition.

This Court previously determined that issues not included in an original PCRA petition or a court-approved amended PCRA petition are deemed waived. *See Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa. Super. 2011) ("It is well-settled that issues not raised in a PCRA petition cannot be considered on appeal.") We stated:

> The purpose behind a Rule 907 pre-dismissal notice is to allow a petitioner an opportunity to seek leave to amend his petition and correct any material defects, *see Commonwealth v. Williams*, 782 A.2d 517, 526 (Pa. 2001), the ultimate goal being to permit

[December] 24, 2017 or thereafter." *See id.* at Comment. Appellant filed his current petition on July 20, 2010; thus, the amended Section 9545(b)(2) does not apply to Appellant's claim.

> merits review by the PCRA court of potentially arguable claims. The response is an opportunity for a petitioner and/or his counsel to object to the dismissal and alert the PCRA court of a perceived error, permitting the court to "discern the potential for amendment." **Id.** at 527. The response is not itself a petition and the law still requires leave of court to submit an amended petition. **See** Pa.R.Crim.P. 905(A).

**Rykard**, 55 A.3d at 1189. In order to aver a new PCRA claim, as Appellant has done here, the petitioner must seek leave to amend his PCRA petition. **Id.** at 1192. When a petitioner has "not sought permission to amend [a] petition to raise [ ] new claims, the PCRA court [is] not required to address the issues [raised in response to a Rule 907 notice]." **Id.**; **see also Commonwealth v. Mason**, 130 A.3d 601, 627, 634 (Pa. 2015) ("The petitioner bears the onus of informing the PCRA court that he or she seeks to add claims through an amended petition, and, in response, the court shall freely grant leave to amend where doing so achieves substantial justice consistent with the dictates of Pa.R.Crim.P. 905(A)."). Because Appellant did not seek leave to amend his PCRA petition to include the claim regarding former District Attorney Williams, he arguably waived his newly-discovered fact claim on appeal. **See Mason**, 130 A.3d at 621 n.19; **Rykard**, 55 A.3d at 1189 n.8.

Nonetheless, even if Appellant's issue is not waived on appeal, we conclude that it is meritless. Herein, Appellant attempts to invoke our jurisdiction by baldly asserting that the "revelations" of former District Attorney Williams's criminal activity qualify as a newly-discovered fact within Section 9545(b)(1)(ii) of the PCRA. Appellant's Brief at 8. Appellant's claim,

however does not constitute a newly-discovered fact. Indeed, the acts alleged in the indictment against Mr. Williams, and reiterated in the newspaper article, "did not occur until 2010." PCRA Court Opinion, 8/13/18, at 4, n. 8. The offense underlying Appellant's conviction took place in 1981, he was subjected to a non-jury trial in 1981, and sentenced in 1982. Accordingly, Mr. Williams's criminal activity, which took place nearly 30 years later, is irrelevant and does not constitute a newly-discovered fact.

Next, Appellant attempts to invoke the new constitutional right exception by arguing that the United States Supreme Court's decision in *Williams v. Pennsylvania*, *supra*, warrants relief.[6] Appellant therefore claims that the PCRA court erred in dismissing his petition as untimely. Appellant's Brief at 15-18. We disagree.

In *Commonwealth v. Abdul-Salaam*, 812 A.2d 497 (Pa. 2002), our Supreme Court explained what a petitioner must plead and prove to properly

_____

[6] Appellant claims that the "instant case is akin to *Williams*" because ADA Richard Michelson's indictment "for involvement in buying and receiving cocaine . . . while [serving as] the prosecutor for [] Appellant's case" created a risk of "bias." Appellant's Brief at 16. We disagree. In *Williams*, "[o]ne of the justices on the State Supreme Court [that decided one of the defendant's appeals was also] the district attorney who gave his official approval to seek the death penalty in the prisoner's case." *Williams*, 136 S. Ct. at 1903. Per the United States Supreme Court, the jurist's "significant personal involvement in [this] critical decision" gave "rise to an unacceptable risk of actual bias" that violated due process. *Id.* at 1909-1910. Clearly, this did not occur in the present action. As such, Appellant's claim that ADA Michelson's criminal activity gave rise to the type of due process violation that occurred in *Williams* is meritless.

invoke the new constitutional right exception to the PCRA time-bar. Specifically, the Court stated:

> Subsection (iii) of Section 9545 has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or [our Supreme C]ourt after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review.

*Id*. at 501.

Herein, Appellant failed to satisfy Section 9545(b)(1)(iii)'s requirements. Indeed, Appellant failed to establish that **Williams** announced a new constitutional right held to apply retroactively. In fact, Appellant offers no argument on the subject and, instead, simply contends that he is entitled to relief because he filed his supplemental petition within 60 days of the **Williams** decision. This is insufficient. Appellant's claim, therefore, fails to satisfy the new, retroactive constitutional right exception to the PCRA time-bar.[7]

Accordingly, we affirm the PCRA court's order granting, in part, and dismissing, in part, Appellant's PCRA petition.

---

[7] Because we conclude that Appellant failed to establish that **Williams** announced a new constitutional right that applies retroactively, we need not determine whether Appellant filed his petition within 60 days of the United States Supreme Court's decision.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 3/30/2020*